# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 17-0324V
(not to be published)

---

CANDACE DEMPSEY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: November 5, 2019

Special Processing Unit (SPU); Attorney's Fees and Costs

---

*Rachel Elizabeth Gusman, Graves, McLain, Tulsa, OK, for petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 9, 2017, Candace Dempsey ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered thrombocytopenic purpura as a result of a measles, mumps, and rubella ("MMR") vaccine she received on March 11, 2014.  (Petition at 1).  A decision was issued on July 19, 2019, by then-Chief Special Master Dorsey, awarding compensation to petitioner based on the parties' stipulation.  (ECF No. 48).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs dated September 6, 2019 requesting a total award of $15,627.20, consisting of fees in the amount of $14,815.00 and costs in the amount of $812.20.  (ECF No. 52). In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 52- 3). Respondent reacted to the motion on September 4, 2019, indicating he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine a reasonable award of attorney's fees and costs in this case. (ECF No. 53). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT Petitioner's motion in part, awarding final attorney's fees in the amount of **$14,777.20**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests an hourly rate of $250.00 for attorney Rachel Gusman and a paralegal rate of $100 per hour for all work performed from 2014 – 2019.  (ECF No. 52-2).  These amounts have been previously awarded to Ms. Gusman and her paralegals and I find no reason to deviate from them. The requested hourly rates are awarded herein.

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Over eight hours was billed on organizing and uploading documents. These entries include:

- March 7, 2017 (2.0 hrs) "Organize exhibits"
- March 8, 2017 (2.0 hrs) "Organize exhibits"
- October 11, 2017 (1.0 hrs) "File review; organize records"
- October 12, 2017 (1.0 hrs) "Organize records for file"
- October 13, 2017 (2.5 hrs) "Compile exhibits for upload"

(ECF No. 52-1 at 4-5)

I shall reduce the request for attorney fees in the amount of $850.00, the total amount of tasks considered administrative.

## ATTORNEY COSTS

Petitioner requests reimbursement for attorney costs in the amount of $812.20. After reviewing Petitioner's invoices, the undersigned finds no cause to reduce Petitioner's' request and awards the full amount of attorney costs sought.

## CONCLUSION

Accordingly, I GRANT IN PART, Petitioner's motion for attorney fees and costs and award the total of **$14,777.20** in the form of a check payable to Petitioner and her counsel, Rachel Elizabeth Gusman, Esq.  In the absence of a motion for review filed

pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGEMENT** in accordance to this motion.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.